UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>ORLANDO LOUALLEN,<br>Defendant. | Criminal Action No. 19-66 (JDB) |

### MEMORANDUM OPINION & ORDER

On February 1, 2019, the Metropolitan Police Department ("MPD") received an anonymous complaint concerning Orlando Louallen, an eighteen-year-old resident of Washington, D.C. See Statement of Facts, Ex. 1 to Criminal Compl. [ECF No. 1-1]. Approximately two weeks later, MPD executed a court-authorized search warrant of Louallen's residence and, after finding a firearm, arrested Louallen on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See id.; Arrest [Dkt. Entry of Feb. 13, 2019]. The grand jury returned an indictment, and the government moved for pretrial detention on the ground that defendant poses a danger to the community. Indictment [ECF No. 4]; Gov't's Mem. in Supp. of Pre-Trial Detention [ECF No. 5] at 2.

At a detention hearing held on February 21, 2019, Magistrate Judge G. Michael Harvey orally denied the government's motion and ordered defendant's release into the High Intensity Supervision Program ("HISP"). See Min. Entry Feb. 21, 2019. Judge Harvey explained that defendant's age, his limited criminal record, and his employment status counseled in favor of release, and that the conditions of release—including inter alia a curfew requiring him to remain in his uncle's residence in Fort Washington, Maryland from 10 p.m. to 6 a.m. each day—sufficed to establish that defendant will appear in court and poses no danger to the community. See Order Setting Conditions of Release [ECF No. 7] at 3. The government moved for revocation of the

1

magistrate judge's release order. See Mot. for Review and Appeal of Release Order ("Gov't's Mot.") [ECF No. 6]; 18 U.S.C. § 3145(a)(1). For the reasons stated below, and for the reasons explained at the detention hearing held before this Court on February 22, 2019, the Court denies the government's motion and orders defendant released into HISP subject to the conditions set forth in the magistrate judge's order. See Min. Entry Feb. 22, 2019; Order Setting Conditions of Release.

## LEGAL STANDARD

The Court must release a defendant pending trial if, after a detention hearing, the Court finds that the government has carried its burden of establishing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987). Where detention is sought based only on a defendant's purported danger to the community, as here, a clear and convincing standard applies. See Simpkins, 826 F.2d at 96; 18 U.S.C. § 3142(f). To make that determination, the Court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) defendant's history and characteristics; and (4) the nature and seriousness of the danger to other people or the community that would be posed by defendant's release. 18 U.S.C. § 3142(g). Courts in this district review a magistrate judge's release order de novo. See United States v. Beauchamp–Perez, 822 F.Supp.2d 7, 9 (D.D.C. 2011) (citing United States v. Hudspeth, 143 F.Supp.2d 32, 35–36 (D.D.C. 2001) (citing cases)).

## ANALYSIS

In arguing for pretrial detention, the government emphasizes that defendant was arrested only two months into a period of supervised probation stemming from a prior state conviction for Carrying a Pistol Without a License. See Gov't's Mem. in Supp. of Pre-Trial Detention [ECF No.

2

5] at 4; Gov't's Mot. at 4–5.  The government also contends that the evidence defendant unlawfully possessed a firearm is overwhelming, and that the anonymous complaint leading to the search of his residence alleged he was distributing narcotics and recklessly discharging a firearm—activities that are self-evidently dangerous to the community.  See id.  For his part, defendant argues that his young age favors an additional chance to avoid detention, close monitoring under HISP will help prevent future violations, the Court should not rely on an anonymous complaint that defendant recklessly discharged a firearm, and the release conditions imposed by Judge Harvey will sufficiently protect the community because they require him to adhere to a curfew and to live under the close supervision of his aunt and uncle at their home in Fort Washington, Maryland, rather than at his normal residence in Washington D.C.[*]

The Court finds that the government has not met its burden to show by clear and convincing evidence that no condition or combination of conditions of release can reasonably assure the safety of the community.  As an initial matter, the Court finds that the first and second section 3142(g) factors—the nature and circumstances of the offense charged and the weight of the evidence against defendant—generally weigh in favor of detention.  See 18 U.S.C. § 3142(g)(1)–(2).  Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  While that offense is not a crime of violence triggering the presumption in favor of detention, see United States v. Singleton, 182 F.3d 7, 13–14 (D.C. Cir. 1999), the offense is serious, involves the unlawful possession of dangerous firearms and ammunition, and is punishable by up to 10 years in prison.  And the government's proffered evidence—that the gun was located hidden between the mattress and box spring of defendant's bed, in his room, while he was sleeping on his bed—is strong evidence in favor of defendant's guilt.  See Gov't's Mot. at 2–3.  The Court further

---

[*] Defendant's arguments in response to the government's motion for revocation of the release order were made orally during the February 22, 2019, hearing held before this Court.

3

finds it troubling that defendant was arrested for this violation only two months into his supervised probation on a prior offense involving firearms.

Nevertheless, the Court finds that the second and third section 3142(g) factors—defendant's history and characteristics and the nature and seriousness of the danger to other people or the community that would be posed by defendant's release—tip the scales against detention. See 18 U.S.C. § 3142(g)(3)–(4). As for defendant's characteristics, as Judge Harvey noted, defendant is eighteen years old, has a limited criminal record, and steadily has maintained his employment. The Court also has no evidence before it that defendant has ever engaged in any overtly violent behavior. Although the government cites the anonymous complaint alleging defendant recklessly discharged a firearm, defendant is not charged with a crime related to that conduct, the Court has no evidence concerning the reliability of the anonymous tip, and the government itself conceded at the February 22 detention hearing that the Court should not rely on the veracity of the tip when considering detention. Finally, the Court finds that defendant's release will pose little danger to the community. Defendant's release conditions are stringent. Not only will he be monitored under HISP, which involves close monitoring by the probation office, but defendant will also be required to live with his aunt and uncle in Fort Washington, Maryland, to remain outside the D.C. area, and to comply with a curfew. Defendant's uncle also stated at the detention hearing that defendant's movements and behavior will be supervised closely. The Court is satisfied that defendant's change of location and the combined monitoring of his family and the probation office under HISP will limit the likelihood he will violate his release conditions or will engage in other dangerous or criminal conduct. Taken together, defendant's history and characteristics and the limited danger he poses to the community if released outweigh the seriousness of the offense and the weight of the evidence against him.

Hence, the Court finds that the government failed to meet its burden to establish that no combination of release conditions imposed on defendant will reasonably assure his appearance in court and the safety of the community.

## **CONCLUSION**

Upon consideration of the factors enumerated in 18 U.S.C. § 3142(g), and the entire record herein, and for the reasons articulated above and at the February 22 detention hearing, the Court finds that the government failed to meet its burden to establish that defendant's release conditions will not reasonably assure defendant's appearance and the safety of the community.

Accordingly, [6] the government's motion for revocation and appeal of the magistrate judge's release order is **DENIED**. Defendant shall be released pending trial subject to the conditions set forth in [7] the magistrate judge's release order.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: February 28, 2019